**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

*Attorneys for Plaintiff Coast Cutlery dba Coast Products*

**Kenneth R. Davis II** (OSB #971132)
Email: daviskr@ballardspahr.com
**Mohammed Workicho** (OSB #186140)
Email: workichoM@ballardspahr.com
BALLARD SPAHR
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Telephone: (503)778-2100
Facsimile: (503)778-2200

*Attorneys for Defendant INFINITY X1 LLC*

(A complete list of counsel appears on the signature page.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COAST CUTLERY CO.**, dba Coast Products, an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**INFINITY X1 LLC**, a Nevada limited liability company,<br><br>　　　　　Defendants. | No. 3:25-cv-01120-SI (Lead Case)<br>No. 3:25-cv-01281-SI (Trailing Case)<br><br>**STIPULATED PROTECTIVE ORDER** |

This case will involve discovery of documents or information that at least one party or third party (collectively, "Party") considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns allegations of patent infringement between competitors for which damages are sought as a remedy, and will involve technical, financial, and other information that one or more parties consider to be of a trade secret or otherwise confidential nature. The parties expect to exchange documents and information relating to or embodying such information. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

**IT IS HEREBY ORDERED** as follows:

1.     All non-public documents, testimony, and other materials produced by the parties in this case, including without limitation those documents, testimony, and other materials labeled "Confidential," or "Outside Attorneys' Eyes Only" (and information derived therefrom), shall be used only in this proceeding, and shall not be used by any Party for any other business, commercial, or competitive purpose.

2.     This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving Party through proper means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the Party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.     The parties, and third parties that produce information requested by either Party, may designate as "Confidential" or "Outside Attorneys' Eyes Only" documents, testimony,

written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards, and in accordance with the following definitions:

    a. The term "Confidential Information" shall mean (i) any type of information that has not been made generally available to the public and the disclosure of which the designating party or third party contends would cause harm or a competitive disadvantage to the designating party's business, person, or privacy interests; (ii) data derived from such confidential information; and (iii) any other oral, written, or recorded material that consists of or contains trade secrets.  The term and designation "Confidential" shall mean any document or information that the designating party believes in good faith meets the requirements set forth in this paragraph 3(a).

    b. The term and designation "Outside Attorneys' Eyes Only" shall mean any documents or information that, in addition to satisfying the requirements set forth in Paragraph 3(a) above, the designating party or third party believes in good faith includes highly confidential business information, the unrestricted disclosure of which to another party or third party could provide that party or third party with an unfair competitive advantage over the designating party or could cause injury to the designating party that cannot be avoided by less restrictive means.

4.    The Party shall designate each page of the document with a stamp identifying it as "Confidential," or "Outside Attorneys' Eyes Only," if practical to do so.  Otherwise, the Party shall designate the materials in any manner that is reasonably calculated to apprise the receiving party of the designation.  Any Party may designate as "Confidential" or "Outside Attorneys' Eyes Only" documents, testimony, written responses, or other materials that are produced by a third party and to which the designating party asserts a claim of ownership or

other protectable interest.

      5.      If portions of documents or other materials deemed "Confidential" or "Outside Attorneys' Eyes Only"—or any papers containing or making reference to such materials—are filed with the Court by the designating party, they shall be filed under seal and marked as follows or in substantially similar form:

>CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
>
>*or*
>
>OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

If a non-designating party is filing a document or information that another party has designated as "Confidential" or "Outside Attorneys' Eyes Only," then the non-designating party shall file the document under seal and may use the marking, "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." If required to do so by the Court or otherwise agreed to by the parties, the parties shall cooperate in good faith in seeking to file public, redacted versions of sealed filings.

      6.      Within thirty (30) days after receipt of the final transcript of the deposition of any Party or witness in this case, a Party or the witness may designate as "Confidential" or "Outside Attorneys' Eyes Only" any portion of the transcript that the Party or witness contends discloses confidential information. Any question or testimony which describes or discusses a document designated "Confidential" or "Outside Attorneys' Eyes Only" shall be treated as sharing the same designation as that material. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5. Unless otherwise agreed or ordered, all deposition transcripts shall be treated as "Outside Attorneys' Eyes Only" until the expiration of the thirty-day period.

      7.      "Confidential" or "Outside Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any protected portion(s) of

such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the manner described in paragraph 6 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

      8.     Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.    Up to five (5) employees, officers, or managers of any party to this action (including but not limited to in-house counsel), provided that such personnel are required, in good faith, to provide assistance in the conduct or settlement of this litigation.

    c.    Independent consultants or expert witnesses (including associates and employees of such consultant or expert) retained by a party or its attorneys solely for purposes of this litigation, to the extent necessary to further the interests of the parties in this litigation.

    d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    e.    The authors and the original recipients of the documents, including deponents or other witnesses who are currently employed by the designating party.

    f.    Any court reporter or videographer reporting a deposition.

    g.    Persons engaged by the parties for outside litigation support relating to this Litigation, including for copy services, electronic discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, and/or translation, to the extent reasonably necessary to support outside counsel or otherwise further this litigation.

      9.     Use and disclosure of any information, documents, or portions of documents

5 – STIPULATED PROTECTIVE ORDER
73776685

marked "Outside Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8(a) and 8(c)-(g), unless additional persons are agreed to by counsel or authorized by the Court.

10. Prior to being provided with documents or information produced by another party and marked "Confidential" or "Outside Attorneys' Eyes Only," any person listed under paragraph 8(b) or 8(c) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Additionally, not later than ten (10) days prior to disclosing designated materials or information to such persons, the Party intending to disclose such information shall provide to the designating party the identities and roles of the persons to whom such disclosure will be made, and a copy of Exhibit A hereto completed and signed by each person so identified, so that the designating party may object to the disclosure and/or seek relief from the Court, as appropriate. In the case of an independent testifying expert witness, this disclosure shall also include a copy of the person's current *curriculum vitae*.

11. Whenever information designated as "Confidential" or "Outside Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a Party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

12. Each Party reserves the right to dispute the confidential status claimed by any other party or third party in accordance with this Protective Order. If a Party believes that any documents or materials have been inappropriately designated by another party or third party, that Party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a Party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion,

the Party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A Party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Outside Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the Party's right to later designate the document, testimony, or other material as "Confidential" or "Outside Attorneys' Eyes Only."  The receiving party or its counsel also shall not disclose documents or materials if, notwithstanding the absence of any designation, that Party or counsel knows—or reasonably should know based on a facial examination--that the producing party intended to maintain the documents, materials, or information in question as confidential. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure, if any, of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14.     The mere inadvertent disclosure of documents or information subject to the attorney-client privilege or work-product protection shall not effect a waiver of such privilege or protection.  Except in the event that the receiving party disputes the claim, any documents claimed by the producing party to be subject to the attorney-client privilege or work-product protection shall, upon written request, be promptly returned to the producing party or destroyed, at the producing party's option.  If the claim is disputed, a single copy of the materials may be retained by the receiving party for the exclusive purpose of seeking a judicial determination of the matter pursuant to Fed. R. Civ P. 26(b)(5)(B).

15.     Designation by any Party of information or documents as "Confidential" or "Outside Attorneys' Eyes Only," or failure to so designate, will not constitute evidence of or

an admission that information or documents are or are not confidential or trade secrets. Neither Party may introduce into evidence in any proceeding between the parties, other than a motion to enforce this Protective Order or to determine whether it covers the information or documents in dispute, the fact that another party designated or failed to designate information or documents as provided herein.  Nothing herein shall be interpreted to restrict a Party's use or disposition of materials or information designated by that Party.

        16.      Any attorney representing a Party and any person associated with a Party who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's technical information designated Outside Attorneys' Eyes Only under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of portable lighting devices on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "technical information" refers to Outside Attorneys' Eyes Only information concerning engineering-related or other technical details of a party's products or processes, and excludes financial, marketing, strategic, and other non-technical information.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to such Outside Attorneys' Eyes Only technical information and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to portable lighting devices. For the avoidance of doubt, this patent prosecution bar shall not preclude any person from participating directly or indirectly in post grant proceedings (*e.g.,* reissues, post grant reviews, *inter partes* review, and *ex parte* reexaminations) relating to portable lighting devices, provided that persons who have received such Outside Attorneys' Eyes Only technical information may not participate in, assist, or supervise the drafting or amending of claims or claim language in such proceedings.

17. Within 30 days after the request of any designating party (such request made after the entry of a final judgment no longer subject to appeal on the merits of this case, or after the execution of any agreement between the parties to resolve amicably and settle this case), the parties and any person authorized by this Protective Order to receive designated information shall return to the producing party, or destroy, all information and documents subject to this Protective Order. Any Party requesting the return of materials instead of their destruction shall pay the reasonable costs of responding to its request. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. Notwithstanding the foregoing, outside counsel for a Party may retain archival copies of designated documents, information, and communications and related work product.

18. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon, without disclosing, any information designated as "Confidential" or "Outside Attorneys' Eyes Only."

19. Nothing in this Protective Order shall be construed to prohibit disclosure of "Confidential" or "Outside Attorneys' Eyes Only" material if such disclosure is required by law or by order of the Court. However, in the event of such required disclosure, the Party required to disclose the information shall take all reasonable steps to apprise the designating party of the disclosure requirement in time for the designating party to seek relief from the requirement.

20. This Protective Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

21. This Protective Order may be modified or superseded by order of the Court. Nothing in this Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other

modifications, subject to order by the Court.

22.  The restrictions on disclosure and use of designated information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

IT IS SO STIPULATED:

| SCHWABE, WILLIAMSON & WYATT, P.C. | BALLARD SPAHR |
|---|---|
| By: *s/ Nika Aldrich*<br>Nika Aldrich, OSB #160306<br><br>Jason Wrubleski, OSB #120524<br>SCHWABE, WILLIAMSON & WYATT, P.C.<br>1211 SW 5th Avenue, Suite 1900<br>Portland, OR 97204<br>Telephone: 503-796-2847<br>Facsimile: 503-796-2900<br><br>*Attorneys for Plaintiff and Counterclaim Defendant Coast Cutlery Co. dba Coast Products* | By: *s/Kenneth R. Davis II*<br>Kenneth R. Davis II (OSB #971132)<br>Mohammed Workicho (OSB #186140)<br><br>Gregory S. Cordrey *(Pro Hac Vice)*<br>Email: gcordrey@jmbm.com<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>3 Park Plaza, Suite 1100<br>Irvine, California 92614-2592<br>Telephone: (949) 623-7200<br>Facsimile: (949) 623-7202<br><br>Rod S. Berman *(Pro Hac Vice)*<br>Email: rberman@jmbm.com<br>Jessica Bromall Sparkman *(Pro Hac Vice)*<br>Email: jbromall@jmbm.com<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Infinity X1 LLC* |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain

information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:  November 5, 2025

_____
MICHAEL A. SIMON
UNITED STATES JUDGE

## EXHIBIT A
## AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER

I, _____, declare and state as follows:

1. I am employed as _____ (*position/*role) by or on behalf of _____ (*party name*).

2. I have received and reviewed a copy of the Protective Order entered in this matter, and I agree to be bound by its terms.

3. I agree that I will use any "Confidential" and "Outside Attorneys' Eyes Only" information, as those terms are used in the Protective order, only in a manner authorized by the Protective Order, and only to assist counsel in this litigation.

4. I agree that I will not disclose or discuss such "Confidential" or "Outside Attorneys' Eyes Only" information with anyone other than the persons authorized by the Protective Order.

5. I acknowledge that, by singing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Oregon with respect to enforcement of the Protective Order.

6. I understand that any improper or unauthorized disclosure or use of any "Confidential" or "Outside Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court or other appropriate remedies. I further acknowledge that any improper or unauthorized disclosure or use of any "Confidential" or "Outside Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order will cause the disclosing party irreparable harm for which monetary damages are an inadequate remedy, and therefore in the event of any such disclosure or use the disclosing party shall be entitled to equitable relief against me, including specific performance and injunctive relief, without the requirement of posting bond or other security.

7. (*Independent expert witnesses and consultants only.*) I disclose the following companies for whom I have worked over the past five (5) years, whether as an employee, independent contractor or consultant, where my work involved the design, development,

manufacture, marketing, or sales of flashlights, headlamps, or similar consumer illumination products: _____

_____

_____.

      8.    (*Independent expert witnesses and consultants only.*)  I hereby agree that, to the extent I have an opportunity to become newly retained or employed by any company to perform services related to the design, development, manufacture, marketing, or sales of flashlights, headlamps, or similar consumer illumination products during the pendency of this Litigation, that I will immediately disclose that information to the parties in advance of accepting such employment.

      I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

_____
Printed Name

_____
Date

13 – STIPULATED PROTECTIVE ORDER
73776685